**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

OUTOKUMPU STAINLESS USA,     :
LLC, et al.,

                         :

      Plaintiffs,

                         :

vs.                            CA 16-0378-KD-C

                         :

CONVERTEAM SAS, a foreign
corporation now known as GE      :
ENERGY POWER CONVERSION
FRANCE SAS, CORP,         :

      Defendant.

## <u>ORDER</u>

This cause is back before the undersigned on the plaintiffs' motion to stay briefing and consideration of the defendant's motion to compel arbitration and to dismiss and separate motion to dismiss pending resolution of all jurisdictional issues (Doc. 15), the defendant's response in opposition (Doc. 23), and the plaintiffs' reply (Doc. 26). Through their motion to stay briefing, the plaintiffs have confirmed the Court's impression that in response to the motion to dismiss (*see* Doc. 7) and the motion to compel arbitration and to dismiss (*see* Doc. 6), they will be filing motions to remand directed to the notice of removal (Doc. 15, at ¶ 1). Because the anticipated motions to remand will be directed to this Court's subject-matter jurisdiction (*id.* at ¶ 2), plaintiffs contend that "only after jurisdiction has been determined should the substance of the arguments raised in GE Energy's Motion to Compel Arbitration and Motion to Dismiss be addressed, be it in this federal district court or in the Alabama state court." (*Id.* at ¶ 3; *see also* Doc. 26, at 1-2 (stated somewhat differently, but making the same point).)

While the Court agrees with plaintiffs that determination of subject-matter jurisdiction in this case is of paramount importance, it cannot agree with the implicit suggestion that this determination can be made in a vacuum without any impact on (or consideration of) the defendant's motion to dismiss (Doc. 7) and motion to compel arbitration and to dismiss (Doc. 6). Indeed, for those reasons outlined in the defendant's response in opposition to plaintiffs' motion to stay (Doc. 23), the undersigned agrees that any and all motions to remand filed by plaintiffs, to at least some degree, will be inextricably intertwined with the substance of the defendant's pending motions (*see* Doc. 6, at 1-2 ("Defendant . . .  moves this Court, pursuant to the Federal Arbitration Act and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, to compel Plaintiff Outokumpu Stainless USA, LLC . . . and its insurer, Plaintiff Sompo Japan Insurance Company of America . . ., to arbitrate their claims against GE Energy and to dismiss those claims without prejudice. Arbitration of those claims is mandatory pursuant to the contracts under which GE Energy supplied the allegedly defective motors described in the complaint."); Doc. 7, at 1-2 ("Defendant GE Energy . . . moves the Court to dismiss the Complaint as to Plaintiffs Pohjola Insurance Limited, AIG Europe Limited, Tapiola General Mutual Insurance Company, Axa Corporate Solutions Assurance SA UK Branch, HDI Gerling UK Branch, MSI Corporate Capital Ltd as sole Corporate Member of Syndicate 3210, and Royal & Sun Alliance plc [] because they fail to state a plausible claim against GE Energy. Indeed, as set out in the Notice of Removal[], the OTK Oyj Subrogees have failed to state even the possibility of a claim against GE Energy.")), given the following separate and independent jurisdictional grounds for removal set forth by defendant: (1) federal question jurisdiction based upon the relationship between this action and an arbitration agreement falling under the ambit of the Convention on the Recognition and

2

Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* (Doc. 1, at ¶¶6-7 & 9-19); and (2) diversity jurisdiction based upon the fraudulent joinder of plaintiffs Pohjola Insurance Limited, AIG Europe Limited, Tapiola General Mutual Insurance Company, Axa Corporate Solutions Assurance SA UK Branch, HDI Gerling UK Branch, MSI Corporate Capital Ltd as sole Corporate Member of Syndicate 3210, and Royal & Sun Alliance plc (*id.* at ¶¶ 8 & 20-44).[1] Accordingly, the motion to **STAY** briefing and consideration of the defendant's pending motions (Doc. 15) is **DENIED** to the extent that the substance of these motions are inextricably intertwined with the motions to remand that will be filed by the plaintiffs. The plaintiffs need not file separate responses directed to defendant's motion to compel arbitration and dismiss (Doc. 6) and separate motion to dismiss the claims of the OTK Oyj subrogees (Doc. 7); instead, they may simply incorporate into their motions to remand all such relevant arguments. And while the undersigned declines to stay briefing, as requested by plaintiffs, the Court will extend to plaintiffs the opportunity to file replies to the defendant's responses in opposition to the motions to remand / replies in support of the pending motions, so long as those replies are filed not later than **September 7, 2016.** Briefing with respect to all

---

[1]    For instance, if the Court disagrees with the contention of the plaintiffs that fraudulent joinder does not apply to the joinder of plaintiffs, it will necessarily have to determine whether the subrogee plaintiffs have *any possibility* of stating a claim against the defendant (which is the sum and substance of the defendant's motion to dismiss (Doc. 7)). Therefore, the plaintiffs should include such relevant fraudulent joinder analysis in the appropriate motion to remand. In addition, the undersigned simply suggests to the plaintiffs that this Court would not expect them to raise "additional substantive arguments, beyond the jurisdictional requirements, directed to why the alleged arbitration agreements should not be enforced[]" (Doc. 26, at 3) since the defendant's motion to compel arbitration and to dismiss is "founded" on its argument that the four jurisdictional prerequisites are met (Doc. 6, at 5-9), a topic which plaintiffs will admittedly address in another motion to remand (*see* Doc. 26, at 3 ("Whether those four jurisdictional requirements are satisfied will be addressed in Plaintiffs' Motion to Remand[.]")).

motions will be **CLOSED** on September 8, 2016.

      **DONE** and **ORDERED** this the 10th day of August, 2016.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**