# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OUTOKUMPU STAINLESS USA, LLC, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION 16-00378-KD-C<br>) |
| CONVERTEAM SAS, a foreign Corporation now known as GE ENERGY POWER CONVERSION FRANCE SAS, CORP., | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

This action is before the Court on Defendant's Motion to Stay, Plaintiffs' Joint Opposition, Defendant's Reply,[1] and Defendant's Supplemental Notice (docs. 92, 97, 99-1, 103, 103-1). Upon consideration, and for the reasons set forth herein, the Motion to Stay is DENIED.

Previously, the Court of Appeals for the Eleventh Circuit reversed this Court's order compelling arbitration and remanded for further proceedings consistent with the opinion (doc. 84). Defendant has now filed a Petition for Writ of C*ertiorari* in the United States Supreme Court to challenge the Eleventh Circuit's decision that the "New York Convention precludes a non-signatory to a contract from compelling arbitration under [the contract] based on the doctrine of equitable estoppel." (Doc. 103) Defendant moves the Court to stay this litigation pending the Supreme Court's decision on Defendant's Petition, and if granted, a stay until conclusion of the appeal.

---

[1] Defendant's Motion for Leave to File Reply Brief (doc. 99) is GRANTED. The Reply is deemed filed (doc. 99-1).

Defendant argues that the Court may stay the proceedings pursuant to the Court's inherent authority to control and manage the cases on its docket and in the interests of efficiency and conservation of judicial resources. Defendant asserts that because there is a circuit split on the issue for appeal and there is no Supreme Court decision on the issue, the Petition is likely to be granted. Defendant argues that the Supreme Court may ultimately agree with this Court's decision to compel arbitration, and reverse the Eleventh Circuit. Therefore, this litigation should be stayed until the issue is resolved.

Plaintiffs oppose the stay. They argue that a stay is prejudicial because the action has been "frozen at the complaint stage" (doc. 97, p. 3). Plaintiffs point out that the action has been pending for over two and one-half years. Plaintiffs also argue that Defendant does not have a right to review on the merits and that there is a less than 2% statistical likelihood that the Petition will be granted.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 1650 (1997). In the exercise of that discretion, the Court may consider the status of the proceedings, the estimated time for those proceedings to be resolved, the possible hardships to the parties, and other circumstances that may weigh for or against staying the case. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.,* 377 F. 3d 1164, 1172 n.7 (11th Cir. 2004) (citation omitted).

At this point, the action has been pending approximately two and one-half years, and is now at the early stages of litigation as shown by the pending motions to remand and dismiss. The hearing on the motion to remand is scheduled for February 27, 2019. The report of parties' planning meeting is due within 21 days after the decision on the

motion to remand (doc. 91). Therefore, the Rule 16(b) Scheduling Order, which will set this action for trial, has not been entered. Arguably, because the action is in the early stages of litigation, and one purpose of arbitration is to avoid the time and expense of litigation, this factor weighs in favor of a stay. However, the probability that the Supreme Court will grant *certiorari* and reverse the Eleventh Circuit's decision is low and instead weighs in favor of denying the Motion.

Moreover, Plaintiffs face the hardships related to further delay of the resolution of their claims if the stay is entered.[2] Even though Defendant bears the hardship of the lost opportunity to arbitrate, the hardship of further delay weighs in favor of denying its Motion.

DONE and ORDERED this the 12th day of February 2019.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This action is based on breach of warranty and breach of contract with respect to the purchase of engines for Plaintiff Outokumpu's steel mill. The first of three engine failures occurred in June 2014 (doc. 1-2).