IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OUTOKUMPU STAINLESS USA, LLC, et. al., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:16-cv-00378-KD-C ) |
| GE ENERGY SAS, a foreign corporation now known as GE ENERGY POWER CONVERSION FRANCE SAS, CORP., | ) ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned on the Motion to Remand (Doc. 87) filed by Plaintiffs Outokumpu Stainless USA, LLC ("Outokumpu") and Sompo Japan Insurance Company of America, Pohjola Insurance Limited, AIG Europe Limited, Tapiola General Mutual Insurance Company, AXA Corporate Solutions Assurance SA UK Branch, HDI Gerling UK Branch, MSI Corporate Capital Ltd., and Royal & Sun Alliance PLC (collectively, "Insurers," and together with Outokumpu, "Plaintiffs"). Defendant GE Energy Power Conversion France SAS, Corp., formerly known as Converteam SAS, ("GE Energy") has filed a Brief in Opposition; Plaintiffs then filed a Reply Brief; and GE Energy filed a Notice of Additional Authority. (*See* Docs. 98, 100, & 106.) Oral argument was held before the undersigned on February 27, 2019.

Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS**, pursuant to 28 U.S.C. § 636(b) and General Local Rule 72(a)(2)(S), that the Motion to Remand be **GRANTED** and that this action be remanded to the Circuit Court of Mobile County, Alabama.

### I.  PROCEDURAL BACKGROUND

Plaintiffs initiated this action in the Circuit Court of Mobile County, Alabama. GE Energy removed the action to this Court in July 2016. This is the second time Plaintiffs have sought to

remand the action back to state court. The first time Outokumpu and the Insurers moved to remand, the undersigned recommended the denial of Plaintiffs' motions. (*See* Doc. 50.)

That Report and Recommendation applied *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), and explained that GE Energy's Notice of Removal pleaded that Plaintiffs' claims "related to" an international arbitration agreement for purposes of the broad removal provisions contained in 9 U.S.C. § 205. Plaintiffs objected to the Report and Recommendation, but the Court overruled the objections and adopted the Report and Recommendation. (*See* Doc. 57.)

Following its adoption of the Report and Recommendation, the Court also compelled Plaintiffs to arbitrate their claims against GE Energy. (*See* Docs. 68 & 69.) Plaintiffs filed an appeal, and the Eleventh Circuit entered its decision in August 2018. *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316 (11th Cir. 2018). The Eleventh Circuit upheld this Court's denial of Plaintiffs' motions to remand and expressly agreed with the Fifth Circuit's *Beiser* analysis, broadly interpreting § 205's "relates to" language as applied to GE Energy's Notice of Removal. *See id.* at 1323. The Eleventh Circuit, however, reversed this Court's Orders compelling Plaintiffs to arbitrate their claims against GE Energy and remanded the matter to this Court "for further proceedings consistent with this opinion." *See id.* at 1327.

## II. ANALYSIS

Removal under § 205 authorizes the removal of actions to federal court even where "the ground for removal" does "not appear on the face" of a plaintiff's complaint. Instead, the statute allows for removal to federal court based upon a defense, which "may be shown in the petition for removal." *See* 9 U.S.C. § 205. Specifically, where an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") provides a defense to a plaintiff's claims, the defendant may, "at any time before the trial," remove the action to federal court. The statute allows removal whenever "the subject matter of an action

or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." *Id.*

Here, the Court has already held—and the Eleventh Circuit agreed—that GE Energy's Notice of Removal adequately pleaded that Plaintiffs' claims, for purposes of § 205, "related to" an arbitration agreement falling under the Convention. (*See* Docs. 50 & 57.) But, the Eleventh Circuit also held that GE Energy could not compel Plaintiffs to arbitrate their claims because GE Energy was not a signatory to any arbitration agreement with Outokumpu, as is required under the Convention. *See Outokumpu*, 902 F.3d at 1327.

The issue Plaintiffs' new Motion to Remand (Doc. 87) poses is this: with arbitration not being compelled—that is, with GE Energy no longer being able to assert an international arbitration defense and with the Complaint asserting only state-law claims—should the Court now remand this action to the Circuit Court of Mobile County, where it was originally filed? The *Beiser* decision provides an answer to this question that makes sense:

> If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court. Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute.

*Beiser*, 284 F.3d at 675 (citations omitted).

The possibility of remand discussed in *Beiser* was central to the Fifth Circuit's reasoning to allow for removability under a broad "relates to" standard: "§ 205 does not interfere with state courts as much as ordinary removal under the general removal statute, 28 U.S.C. § 1441. When a case is removed under § 1441, it will often remain in federal court until its conclusion." *Beiser*, 284 F.3d at 674. The same is not true for cases removed under § 205 because "the federal issue

… will often be resolved early enough to permit remand to the state court for a decision on the merits." *Id.* at 675.

GE Energy previously advocated for the *Bieser* analysis to govern removability, but now argues that the above-quoted language, and other similar language in *Beiser*, is "dicta" and not necessary to the Fifth Circuit's holding.[1] However, two district courts sitting in the Fifth Circuit have taken the *Beiser* language at face value and have remanded actions previously removed to federal court under § 205, after determining the claims were not subject to arbitration. *See QPro Inc. v. RTD Quality Servs. USA, Inc.*, 761 F. Supp. 2d 492, 504 (S.D. Tex. 2011); *Certain Underwriter at Lloyd's v. Warrantech Corp.*, No. 4:04-CV-208-A, 2004 WL 2203244, at *2 (N.D. Tex. Sept. 23, 2004). One district court in the Eleventh Circuit has likewise assumed that *Beiser* means what it says. *See Hodgson v. Royal Caribbean Cruises, Ltd.*, No. 09-20798, 2009 WL 10667436, at *5 (S.D. Fla. June 15, 2009) (denying motion to remand but explaining that, if a defendant has waived its right to arbitrate, then, under *Bieser*, "the Court may ultimately remand the action to state court.").

Although this action was initiated in 2016, it is in an early stage. In fact, it is still at the pleading stage. GE Energy has not yet answered the Complaint. There has been no discovery. Therefore, the present case is one in which the federal issue has been resolved early enough to permit remand. *Bieser* and its progeny supply sound reasoning for returning this action—with the arbitration defense gone—to state court for resolution of what are state-law claims.

---

[1] In the present action, the Eleventh Circuit followed *Beiser* and agreed "that the 'relates to' language of Section 205 provides for broad removability of cases to federal court." *Outokumpu*, 902 F.3d at 1323. The Eleventh Circuit's decision contains no qualification or rejection of any part of *Beiser*'s reasoning. Therefore, the Eleventh Circuit's silence on the jurisdictional issues to be decided if arbitration were not compelled—an issue the court did not have to reach—is not a rejection of *Beiser*'s reasoning.

GE Energy contends this Court lacks authority to remand. In GE Energy's view, once a federal court finds subject-matter jurisdiction under § 205, the court must exercise its jurisdiction at all stages of the proceedings and cannot ever exercise discretion to decline jurisdiction. In short, GE Energy would have the Court reject the reasoning of *Beiser*. But, the *Beiser* court adopted a broad standard for removability under § 205's "relates to" language on the assumption that federal courts would be able to remand actions relating to claims later determined to be non-arbitrable. Here, although the Eleventh Circuit found that GE Energy's Notice of Removal was sufficient to plead jurisdiction at the time of removal, such jurisdiction need not be forever locked in. Rather, the circumstances of a case can change and, in fact, did change here when the Eleventh Circuit ruled that arbitration could not be compelled.

In addition to the Fifth Circuit's *Beiser* decision, the Court also looks favorably on the reasoning of the Fourth Circuit in *ESAB Group, Inc. v. Zurich Insurance PLC*, 685 F.3d 376 (4th Cir. 2012). There, the court addressed—and rejected—an argument similar to GE Energy's. In particular, the Fourth Circuit reviewed a district court's decision, in a case where certain claims had already been compelled to arbitration, to decline to exercise supplemental jurisdiction over the remaining (non-arbitrable) state-law claims and to remand those remaining claims to state court. *See id.* at 393. Citing Supreme Court precedent, the Fourth Circuit explained that, when exercising pendant jurisdiction over claims, a district court has the inherent authority to remand those claims to state court. *See id.* at 394 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). The Fourth Circuit also pointed out that 28 U.S.C. § 1367(c) recognizes a court's authority to decline to exercise supplemental jurisdiction in certain circumstances and that district courts retain "inherent authority, once they have decided under § 1367(c) not to exercise jurisdiction, to remand these claims to state court." *See id.* In particular, the Fourth Circuit explained:

> [A]s to those claims not falling under the Convention, this jurisdiction is supplemental in nature. And when those claims

>falling within a court's original jurisdiction are no longer in the case … the court has authority under § 1367(c) to decline to exercise such supplemental jurisdiction and inherent authority to remand the remaining claims to state court.

*Id*.

The undersigned finds the above authorities persuasive and concludes that the Court has inherent authority to remand once the international arbitration defense has been eliminated.[2] This has happened here by virtue of the Eleventh Circuit's decision reversing the Orders compelling arbitration under the Convention.[3] The remaining state-law claims are supplemental in nature, and the Court has inherent authority to remand them to state court. Therefore, the undersigned recommends that the Court exercise that authority and remand the action to state court, which will decide the merits of the case. Accordingly, the undersigned recommends that Plaintiffs' Motion to Remand (Doc. 87) be granted.

### III. CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that the Motion to Remand (Doc. 87) be **GRANTED** and that this action be remanded to the Circuit Court of Mobile County, Alabama.

---

[2] GE Energy argues in its briefing that pendant or supplemental jurisdiction and 28 U.S.C. § 1367(c) cannot apply when jurisdiction is premised on the Convention. This leaves open the alternative of a non-discretionary remand under 28 U.S.C. § 1447(c), a possibility acknowledged by the Fifth Circuit's post-*Beiser* decision in *Certain Underwriter's at Lloyd's v. Warrantech Corp.*, 461 F.3d 568 (5th Cir. 2006) (noting that the district court, when remanding a non-arbitrable Convention case to state court, had not "clearly and affirmatively" stated a non-1447(c) grounds for remand). In light of the Fourth Circuit's decision in *ESAB Group*—discussing § 1367(c) and the Court's inherent authority—the Court opts not to reach the issue of whether remand is mandatory under § 1447(c).

[3] This is not a case like *Reid v. Doe Run Resources Corp.*, 701 F.3d 840 (8th Cir. 2012), cited by GE Energy. There, the plaintiffs had not entered into arbitration agreements, but there was an on-going international arbitration proceeding to which the plaintiffs' non-arbitrable claims would still "relate."

# **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D.Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of March, 2019.

s/William E. Cassady<br>
United States Magistrate Judge