# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OUTOKUMPU STAINLESS USA, LLC, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 16-0378-KD-C ) |
| CONVERTEAM SAS, a foreign corporation now known as GE ENERGY POWER CONVERSION FRANCE SAS, CORP, | ) ) ) ) ) ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Report and Recommendation wherein the Magistrate Judge recommends remand of this action to the Circuit Court of Mobile County, Alabama (doc. 107), the objection filed Defendant GE Energy Power Conversion France SAS, Corp. (GE Energy) (doc. 108), and the joint response to the objection filed by Plaintiffs Outokumpu Stainless USA LLC, Sompo Japan Insurance Company of America, Pohjola Insurance Limited, AIG Europe Limited, Tapiola General Mutual Insurance Company, AXA Corporate Solutions Assurance SA UK Branch, HDI Gerling UK Branch, MSI Corporate Capital Ltd., and Royal & Sun Alliance PLC (doc. 109).

Defendant, GE Energy, objects to the Report and Recommendation arguing that the Court failed to follow the Court of Appeals for the Eleventh Circuit's directive in analyzing whether jurisdiction exists under 9 U.S.C. § 205 (The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention)).

The Eleventh Circuit directed the District Court, "upon removal" to "engage in a two-step inquiry". (Doc. 83, p. 12). First, the District Court is to "employ[] the test articulated in *Bautista[ v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005)] to the four corners of the arbitration agreement and ask[] whether the removing party has articulated a non-frivolous basis (1) that there is an agreement in writing, that is, an arbitral clause in a contract or an arbitration agreement, <u>signed by the parties</u> ...." (*Id.*) (emphasis added). The Eleventh Circuit found that this first factor, had been satisfied because "GE Energy has identified the arbitration clauses in the Outokumpu-Fives Contracts" and "the Contracts are signed by Outokumpu and Fives". (*Id.*, p. 13). The Eleventh Circuit also determined that GE Energy had adequately alleged facts on the other *Bautista* factors. (*Id.*, p. 12-13).

The second step requires the District Court to determine "whether there is a non-frivolous basis to conclude that [the] agreement sufficiently 'relates to' the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case." (*Id.*, p. 12). Again, the Eleventh Circuit found that GE Energy had sufficiently "<u>alleged in the pleadings</u>, [that] the present lawsuit against GE Energy concerns the performance of the Outokumpu-Fives Contracts, and the arbitration agreement contained in those Contracts is sufficiently related to the instant dispute such that it could conceivably affect the outcome of this case." (*Id.*, p. 13) (emphasis added).

After determining that the District Court had correctly asserted jurisdiction, the Eleventh Circuit then found under a more rigorous analysis of the *Bautista* factors, specifically the first, that GE Energy could not prevail on its motion to compel arbitration. (*Id.*, p. 14-15) ("Here, our inquiry starts and ends with the first factor because we find that there is no agreement in writing within the meaning of the Convention.").

GE Energy argues that this Court should now ignore the factual finding by the Eleventh Circuit that "there is no agreement in writing within the meaning of the Convention" when determining its jurisdiction under 9 U.S.C. § 205. (Doc. 108). Instead, GE Energy urges this Court to rely on its pleadings which assert otherwise.

The undersigned declines GE Energy's invitation to re-evaluate the wisdom of the Eleventh Circuit. In sum, the Eleventh Circuit's finding of fact makes GE Energy's assertion to the contrary, frivolous. Accordingly, GE Energy cannot meet the *Bautista* factors. Thus the Court need not engage in any discussion of whether the agreement "relates to" the case before the Court.

Accordingly, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objections were made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated March 19, 2019 (doc. 107) is ADOPTED as the opinion of this Court. The Motion to Remand is GRANTED and this action is remanded to the Circuit Court of Mobile County, Alabama.

DONE this 18th day of April 2019.

                s/ Kristi K. DuBose
                KRISTI K. DuBOSE
                CHIEF UNITED STATES DISTRICT JUDGE